IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| S.S., a minor child by and through her mother, AMANDA SANDIDGE, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 12-CV-02346-CM ) |
| TURNER UNIFIED SCHOOL DISTRICT #202, et al. | ) ) ) |
| Defendants. | ) ) ) |

### MEMORANDUM AND ORDER

Plaintiff alleges that her Fourth Amendment rights were violated when she was subjected to a search of her bra by school officials acting on information from another student that plaintiff was hiding marijuana or marijuana paraphernalia in her bra.[1] She also alleges state law claims for false imprisonment and intentional infliction of emotional distress. Defendants move to dismiss plaintiff's claims. For the following reasons, the court dismisses plaintiff's 42 U.S.C. § 1983 claim against all defendants and remands her state law claims.

**I.   Background**

In December 2011, plaintiff was fifteen years old and a tenth grader at Turner High School, which is part of the Turner Unified School District No. 202 ("School District"). She had never had any issues with drugs and did not associate with students that used drugs. The school officials at Turner High School include Paul Colwell (principal), Nancy Bartek (assistant principal), Ernestine Bowren (nurse), and J.R. Talbert (school resource officer).

---

[1] Amanda Sandige brings this lawsuit on behalf of her minor daughter and is technically the plaintiff. For convenience, the court refers to her daughter as plaintiff in this order.

-1-

On December 9, 2011, plaintiff was told to go to the principal's office. On her way there, she was met by Ms. Bartek and taken to Ms. Bartek's office. In her office, Ms. Bartek accused plaintiff of having drugs or drug paraphernalia and demanded to search plaintiff's belongings. Plaintiff consented to a search of her shoes, her backpack, and a "patdown" search of her person. Mr. Talbert conducted the searches and found nothing.

After these searches, Ms. Bartek explained that a search of plaintiff's bra was required because another student had reported to Mr. Colwell earlier that day that plaintiff was hiding marijuana or marijuana paraphernalia in her bra. Plaintiff did not consent to a search of her bra. Ms. Bartek attempted to call plaintiff's mother to get consent for a search but was unable to reach her. Ms. Bartek then called plaintiff's grandfather who "may or may not have given some type of permission" to search plaintiff. (Doc. 24 at 4.)

Ms. Bartek and Mr. Talbert then escorted plaintiff to Ms. Bowren's office. Ms. Bartek, Ms. Bowren, and plaintiff went inside Ms. Bowren's office while Mr. Talbert waited outside. Then Ms. Bowren "attempted to pull up [plaintiff's] shirt and placed her hands on [plaintiff's] breasts." (*Id.*) Plaintiff moved away and again told both women that she did not consent to this search. Ms. Bartek and Ms. Bowren then "coerced [plaintiff] to lift up her shirt and bra away from her body exposing her breasts." (*Id.*) No drugs or drug paraphernalia were found. Mr. Colwell (principal) had "full knowledge of and allowed the strip search to occur." (*Id.*)

Plaintiff returned to class. Twenty minutes later, Ms. Bartek "pulled [plaintiff] out of the classroom and threatened [plaintiff] with suspension if she told anybody about the strip search." (*Id.*) Plaintiff did not return to school until January 3, 2012, and she disenrolled from Turner High School in March.

On March 16, 2012, plaintiff's mother filed this lawsuit in state court against the School District, Mr. Colwell, Ms. Bartek, and Ms. Bowren. She sued the individual defendants in their official and individual capacities. In her complaint, plaintiff alleges state law claims for false imprisonment and intentional infliction of emotional distress. She also alleges that defendants violated her Fourth Amendment rights and asserts claims under 42 U.S.C. § 1983. Defendants removed this case to federal court and moved to dismiss all of plaintiff's claims. After defendants' motion to dismiss was fully briefed, plaintiff moved for leave to amend her complaint. The court granted plaintiff's motion and denied defendants' original motion to dismiss as moot and without prejudice. Plaintiff filed her amended complaint. Currently before the court is defendants' second motion to dismiss. In this motion, defendants make substantially the same arguments. Defendants also move to strike various portions of plaintiff's amended complaint.

## II.     The Court Dismisses Plaintiff's 42 U.S.C. § 1983 Claims

Defendants move to dismiss plaintiff's 42 U.S.C. § 1983 claims pursuant to Federal Rule of Civil Procedure 12(b)(6). In evaluating a motion under this rule, "all well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

### A.     The court dismisses plaintiff's 42 U.S.C. § 1983 claim against the School District

Defendants argue that plaintiff's 42 U.S.C. § 1983 claim against the School District fails to state a claim and should be dismissed. To state a claim against the School District, plaintiff must allege with the requisite factual particularity that the alleged unconstitutional action implements or executes a municipal policy or occurs pursuant a custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). The Supreme Court and the Tenth Circuit have elaborated on this standard, and

generally there are four ways to state a claim against a municipality under Section 1983: (1) by alleging that the actor has policy making authority, (2) by alleging that an official with policy making authority either delegated or ratified the actions of a subordinate, (3) by alleging that the injuries are caused by deliberately indifferent training or supervision; or (4) by alleging that the municipality's employees acted pursuant to a formal government policy or a custom long accepted by the governmental entity.  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988); *City of Canton v. Harris*, 489 U.S. 378, 388–91 (1989); *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1188–89 (10th Cir. 2010).

Applying the foregoing to plaintiff's amended complaint, the court determines that plaintiff has failed to state a 42 U.S.C. § 1983 claim against the School District.  Plaintiff does not allege that the school officials had policy making authority, that an official with policy making authority delegated or ratified the school officials' conduct, or that her injuries were caused by deliberately indifferent training or supervision.  Similarly, she does not allege with the required factual specificity that the school officials acted pursuant to a formal government policy.  Although she alleges that the school officials "conducted an unreasonable strip search of [plaintiff], which was allowed by [the School District's] policy or custom" (Doc. 24 at 6), this type of conclusory allegation is insufficient after the Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

This means that plaintiff's claim against the School District must rely on the theory that there is a custom long accepted by the School District of conducting unreasonable searches of students. Plaintiff alleges that Mr. Colwell threatened another student in August 2011 with a strip search.  But plaintiff has not provided any detailed facts about this event that would allow the court to infer that the threatened search was unreasonable.  Moreover, plaintiff has not alleged that the School District was

aware of this event. Therefore, the court cannot infer based on these limited allegations any plausible claim that the school officials acted pursuant to a custom long accepted by the School District or that there was widespread unconstitutional conduct in the School District that was "so permanent and well settled as to constitute a custom or usage with the force of law." *Praprotnik*, 485 U.S. at 127 (internal quotation and citation omitted). Accordingly, plaintiff has not stated a plausible 42 U.S.C. § 1983 claim against the School District.[2]

### B. The court dismisses plaintiff's 42 U.S.C. §1983 claim against the individual defendants in their official capacities

Plaintiff's amended complaint asserts the same 42 U.S.C. § 1983 claim against the School District and against the individual defendants in their official capacities. A claim against a state actor in his official capacity is "essentially another way of pleading an action against the county or municipality" and is considered under the standards discussed above. *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010) (citing *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)). Accordingly, for the reasons discussed above, plaintiff's 42 U.S.C. §1983 claim against the individual defendants in their official capacities is deficient and dismissed.

### C. The court dismisses plaintiff's 42 U.S.C. § 1983 claim against the individual defendants in their individual capacities

The remaining defendants argue that they are qualifiedly immune from plaintiff's 42 U.S.C. § 1983 claim. Qualified immunity can be raised in a motion to dismiss. *Leverington v. City of Colo. Springs*, 643 F.3d 719, 732 (10th Cir. 2011). To survive this challenge, plaintiff must demonstrate that: (1) the facts alleged "make out a violation of a constitutional right," and (2) the "right at issue

---

[2] The court also notes that the School District has a "no-strip-search policy." Although this policy was not attached to, or mentioned in, the amended complaint, the policy is a public record and both parties agree that the court can consider it in ruling on this motion. *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1279 n.1 (10th Cir. 2004); *see also Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000) ("The court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record."). The "no-strip-search policy" indicates that the School District actually maintains policies that prohibit strip searches by school officials.

-5-

was 'clearly established' at the time of [the] alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

After reviewing the amended complaint, the court concludes that it is a very close question as to whether the alleged facts make out a plausible constitutional violation.  There are several alleged facts that are very concerning to the court including the school officials' failure to corroborate the student-informant's tip and the manner of the subsequent search.  *Compare to Williams v. Ellington*, 936 F.2d 881 (6th Cir. 1991) (affirming district court's finding of no constitutional violation when a student was searched).  Therefore, the court exercises its discretion and addresses the "clearly established" prong first.  *Pearson*, 555 U.S. at 236.

To demonstrate that the school officials' conduct violated clearly established law, plaintiff relies on the Supreme Court's opinion in *Safford Unified School District No. 1 v. Redding*, 557 U.S. 364 (2009).  In *Safford*, the Supreme Court determined that school officials violated the plaintiff's Fourth Amendment rights when the school officials searched the plaintiff's bra and underwear based on information from another student that the plaintiff had distributed over-the-counter and prescription strength pills to other students.  At the time of the search, the school officials knew that the plaintiff and the other student were on friendly terms and that the plaintiff was part of a "rowdy" group.  But the school officials did not have any information that the plaintiff presently had pills or that the plaintiff was hiding pills in her bra or underwear.

In reaching this holding, the Supreme Court reiterated the reasonableness standard that applies to student searches:

> In *T.L.O.* we recognized that the school setting "requires some modification of the level of suspicion of illicit activity needed to justify a search," and held that for searches by school officials "a careful balancing of governmental and private interests suggests that the public interest is best served by a Fourth Amendment standard of reasonableness that stops short of probable cause."  We have thus applied a standard of reasonable suspicion to determine the legality of a school administrator's search of a student, and

-6-

> have held that a school search "will be permissible in its scope when the measures adopted are reasonably related to the objectives of the search and not excessively intrusive in light of the age and sex of the student and the nature of the infraction."

*Id.* at 370 (quoting *T.L.O. v. New Jersey*, 469 U.S. 325, 340–42 (1985)) (internal citations omitted). Based on this standard, the court determined that the other student's statement was "sufficiently plausible to warrant suspicion that [the plaintiff] was involved in pill distribution" and that "[t]his suspicion of [the school official's] was enough to justify a search of [the plaintiff's] backpack and outer clothing." *Id.* at 373.

The Court, however, determined that the school officials violated the Fourth Amendment when they searched the plaintiff's bra and underwear. The Court made clear that "[t]he indignity of the search does not, of course, outlaw it," but "what was missing from the suspected facts that pointed to [the plaintiff] was any indication of danger to the students from the power of the drugs or their quantity, and any reason to suppose that [the plaintiff] was carrying pills in her underwear." *Id.* at 376–77. Therefore, the Court concluded that "the combination of these deficiencies was fatal to finding the search reasonable." *Id.* at 377.

The *Safford* opinion clearly establishes that school officials must have reasonable suspicion before searching a student and this includes "the support of reasonable suspicion of danger or of resort to underwear for hiding evidence of wrongdoing before a search can reasonably make the quantum leap from the outer clothes and backpacks to exposure of intimate parts." *Id.* But this is a general standard, and the issue before this court is more particular. Specifically, the issue is whether it was clearly established that the school officials lacked reasonable suspicion when they searched plaintiff's bra. In other words, is it clearly established that a student-informant's tip that she had seen plaintiff

put marijuana or marijuana paraphernalia in her bra earlier that day insufficient to warrant reasonable suspicion to search plaintiff's bra?[3] *Safford* does not clearly establish this more particularized issue.

The court recognizes in that responding to a qualified immunity challenge, plaintiff is not required to find Supreme Court or Tenth Circuit cases with precisely the same facts. *Pierce v. Gilchrist*, 359 F.3d 1279, 1298 (10th Cir. 2004). But plaintiff must demonstrate that the right allegedly violated is clearly established in a more particularized and relevant sense:

> The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in light of the pre-existing law the unlawfulness must be apparent.

*Anderson v. Creighton*, 483 U.S. 635, 640 (1987) (citations omitted).

As one example, plaintiff could have identified Supreme Court or Tenth Circuit case law discussing whether an informant's tip justified a finding of reasonable suspicion in the school setting or in other circumstances. *See, e.g.*, *United States v. Chavez*, 660 F.3d 1215, 1222 (10th Cir. 2011) (discussing relevant factors in determining whether a tip provides reasonable suspicion). But plaintiff did not make this showing or engage in this analysis.[4] And it is not the court's job to search the case law and create arguments on plaintiff's behalf. Accordingly, plaintiff has not carried her burden and demonstrated that the right allegedly violated was clearly established. *Hillidard v. City & Cnty. of Denver*, 930 F.2d 1516, 1518 (10th Cir. 1991); *see also Garcia v. Johnson*, No. 94-1360, 1995 U.S.

---

[3] In her amended complaint, plaintiff alleges that "another student had informed the school principal that she had seen [plaintiff] place marijuana or marijuana paraphernalia in her bra earlier that day." (Doc. 24 at 4.) This allegation demonstrates that the student-informant's identity could be established and the student could be held responsible if the information was false. It also establishes that the information was contemporaneous and based on a firsthand account. Finally, it establishes some degree of particularity in that the informant described the type of contraband and its location.

[4] In her opposition, plaintiff argues that discovery is needed to examine the "totality of the circumstances." But plaintiff did not make a formal discovery motion or move the court to convert defendants' motion into a motion for summary judgment. Indeed, plaintiff did not file a response to defendants' motion to stay discovery pending the outcome of defendants' motion to dismiss. (Doc. 10.)

App. LEXIS 23282, at *11 (10th Cir. Aug. 18, 1995) ("[T]he second part of the burden requires the plaintiff to show with specificity that the federal right allegedly violated was clearly established at the time of the conduct at issue."). Therefore, the individual defendants in their individual capacities are entitled to qualified immunity.

### III. The Court Declines To Exercise Supplemental Jurisdiction And Remands Plaintiff's State Law Claims

Because the court has dismissed plaintiff's 42 U.S.C. § 1983 claims, the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Plaintiff's remaining claims arise under state law. Although the court could exercise supplemental jurisdiction, the court declines to do so. *See Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.") (internal quotation and citation omitted). There are no compelling circumstances that justify this court retaining jurisdiction. In addition, this case is in the early stages, as a scheduling order has not been entered and no formal discovery has been exchanged. Accordingly, the court declines to exercise supplemental jurisdiction over plaintiff's state law claims and remands those claims to the state court. The court also denies as moot and without prejudice the remaining portions of defendants' motion to dismiss and motion to strike.

**IT IS THEREFORE ORDERED** that Defendants' Motion To Dismiss Plaintiff's Amended Complaint (Doc. 25) is granted in part. The court dismisses plaintiff's 42 U.S.C. § 1983 claims against all defendants. The court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims. Therefore, the court remands plaintiff's remaining claims to state court and denies the remainder of defendants' motion as moot and without prejudice. The court also denies as moot and without prejudice defendants' motion to strike portions of plaintiff's complaint.

Dated this 14th day of December, 2012, at Kansas City, Kansas.

        _s/ Carlos Murguia_____
        **CARLOS MURGUIA**
        United States District Judge